IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

**ROBERT LAMONT IRELAND, #212233,**

    Petitioner,

v.

**RICHARD E. MILLER,** *et al.*

    Respondents.

Case No.: GJH-17-2661

2018 APR 30 P 12: 46

## MEMORANDUM OPINION

Petitioner Robert Lamont Ireland, an inmate confined at the Roxbury Correctional Institution in Hagerstown, Maryland, has filed a Petition for habeas corpus pursuant to 28 U.S.C. § 2254. For reasons set forth below, the Petition shall be DENIED and DISMISSED as time-barred.

**I.    BACKGROUND**

On September 8, 2017, the Court received Ireland's self-represented Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Petition was signed on August 21, 2017 and is deemed filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 270–76 (1988); *United States v. McNeill*, 523 F. App'x 979, 983 (4th Cir. 2013); *United States v. Dorsey*, 988 F. Supp. 917, 919–920 (D. Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the prison mailbox rule.)

The Petition challenges Ireland's 1992 convictions in the Circuit Court for Somerset County. On September 21, 2017, the Court issued an Order requiring Respondents to file a limited answer to the Petition within forty-five days and granted Ireland twenty-eight days to file

a reply. ECF No. 3. Respondents filed a Limited Answer to the Petition on October 23, 2017, seeking dismissal of the Petition as time-barred. ECF No. 4. Ireland has not filed a Reply.

## II. DISCUSSION

### A. Petition

According to the state court docket on February 26, 1992, a jury convicted Ireland on four counts of second-degree assault in the Circuit Court for Somerset County. ECF No. 4-1. On that same date he was sentenced to eight-and-a-half years confinement, consecutive to all other sentences he was currently serving. Ireland appealed to the Court of Special Appeals of Maryland, which affirmed his convictions in an unreported opinion on January 14, 1993. *Id.* The petition for writ of certiorari was denied by the Court of Appeals on May 11, 1993. *See Ireland v. State*, 330 Md. 319 (1993). Ireland did not seek review in the United States Supreme Court ("Supreme Court"). Therefore, his convictions became final for direct appeal purposes on August 9, 1993, when the 90-day period for filing a petition for writ of certiorari with the Supreme Court expired. *See* Supreme Court Rule 13.1 (requiring petition for writ of certiorari to be filed within ninety days of date of judgment from which review is sought); *Clay v. United States*, 537 U.S. 522, 525 (2003) (state judgment becomes final for habeas purposes when the time expires for filing a petition for writ of certiorari to the Supreme Court or ninety days following the decision of the state's highest court).

On October 6, 1993, Ireland filed a post-conviction petition in the Circuit Court for Somerset County, which was denied by Judge Richard D. Warren on January 6, 1994. He did not seek leave to appeal that decision. ECF No. 4-1. Thus, the denial of post-conviction relief

2

became final on February 7, 1994. *See* Md. Rule 8-204(b) (application for leave to appeal must be filed within 30 days after entry of judgment or order from which appeal is sought).[1]

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when filing a federal habeas corpus petition pursuant to 28 U.S.C. § 2254, defendants convicted in state court on a non-capital offense are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d). Ireland, whose conviction became final in August of 1993, had one year from the effective date of AEDPA to file his petition in this Court. *See Brown v. Angelone*, 150 F.3d 370, 374–75 (4th Cir. 1998) (one-year grace period for habeas corpus petitioner whose convictions became final prior to the April 24, 1996 enactment of AEDPA); *see also Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000) (Section 2244(d) one-year limitation period expires on April 24, 1997, for convictions which became final prior to April 24, 1996).

Ireland had one year from April 24, 1996 to file a § 2254 petition. This Petition was filed on August 21, 2017, over twenty-one years later. No state post-conviction petition was pending during that time period to statutorily toll the limitation period under § 2244(d)(2). Thus, the Petition was filed outside the one-year statute of limitations period.

Ireland offers no explanation for the late filing except to state that he "was not advised or made aware by attorney I had to file within (1) year after convictions…" ECF No. 1 at 5.[2] Under certain circumstances, the AEDPA's statute of limitations may be subject to equitable tolling. *See, e.g., Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *United States v. Prescott*, 221 F.3d 686, 687–88 (4th Cir. 2000); *see also Wall v. Kholi*, 562 U.S. 545, 549 (2011). The Fourth Circuit has consistently held that a party seeking to avail himself of equitable tolling must show

---

[1] In his Petition, Ireland also references additional post-conviction petitions in 2016 and 2017. ECF No. 1 at 3. As discussed below, the petitions were filed well beyond the tolling period and will not be considered herein.
[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

that (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) prevented him from filing on time. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Further, to be entitled to equitable tolling a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGulielmo*, 544 U.S. 408, 418 (2005)).

Ireland has failed to make such a showing and has otherwise failed to demonstrate any ground on which equitable tolling applies. Legal inexperience is not a justification for equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (stating that ignorance of the law is not a basis for equitable tolling); *Cross–Bey v. Gammon*, 322 F.3d 1012, 1215 (8th Cir. 2003) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.") (internal quotations omitted); *Felder v. Johnson*, 204 F.3d 168, 171–73 (5th Cir. 2000) (lack of notice of AEDPA amendments and ignorance of the law are not rare and exceptional circumstances that warrant equitable tolling). Ireland's Petition for habeas corpus relief is time-barred under 28 U.S.C. § 2244(d)(1)(A-D) and is dismissed and denied with prejudice.

### B. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. Because the accompanying Order is a final order adverse to the applicant, 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability before an appeal can proceed.

4

A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling," *Id*. at 478; *see also Buck v. Davis*, ___ U.S. ___, 137 S. Ct. 759, 773–74 (2017).

Ireland's claims are dismissed on procedural grounds, and, upon review of the record, the Court finds that he has not made the requisite showing under *Slack* and its progeny. The Court therefore declines to issue a certificate of appealability. Ireland may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

### III. CONCLUSION

For the foregoing reasons, Ireland's Petition for Writ of Habeas Corpus shall be denied and dismissed with prejudice. A separate Order follows.

Dated: April 27, 2018

GEORGE J. HAZEL
United States District Judge